UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---X

51 GREENE STREET CONDOMINIUM,

Plaintiff,

-against-

ADMIRAL INDEMNITY COMPANY,

Defendant.

---X

No.: 17-CV-9404 (JFK) (KNF)

**DECLARATION OF**
**ERIC R. LEIBOWITZ**

I, Eric R. Leibowitz, an attorney duly licensed to practice before this Court, hereby declares under penalty of perjury as set forth under 28 U.S.C. § 1746 the following:

1. I am a partner at the law firm of Fleischner Potash LLP, attorneys for Defendant ADMIRAL INDEMNITY COMPANY (hereinafter, "Admiral").

2. I am fully familiar with the facts and circumstances of this action as one of the attorneys assigned to this matter and based on my representation of Admiral.

3. I respectfully submit this declaration in support of Admiral's motion for partial summary judgment pursuant to Fed .R .Civ. P. 56 seeking the following relief: (1) granting partial summary judgment on the Fifth and Sixth Affirmative Defenses of Defendant's Answer and declaring that, under the Bylaws of Plaintiff 51 GREENE STREET CONDOMINIUM (hereinafter, "51 Greene" or "Plaintiff"), Plaintiff is not required to insure the improvements and betterments made by the individual unit owners of the condominium and, therefore, such improvements and betterments are not covered under the Admiral Policy; (2) granting partial summary judgment on the Third Affirmative Defense of Defendant's Answer and declaring that Plaintiff's alleged loss and damage is barred and/or otherwise limited by Paragraph A.2.k

("Property Not Covered") of the Admiral Policy, and that Plaintiff's claim should be offset by the amounts recovered by the individual unit owners under their respective homeowners' insurance policies; (3) declaring that, under the terms of the Admiral Policy, Plaintiff can only recover for loss and damage on an Actual Cash Value basis at this juncture and cannot recover on a Replacement Cost and/or Restoration Cost basis until the lost or damaged property is actually repaired or replaced; (4) declaring that, under the terms of the Admiral Policy, Plaintiff cannot recover for the Increased Cost of Construction in repairing the loss and damage as a consequence of ordinance or law until the property is actually repaired or replaced at the premises; (5) declaring that, under the terms of the Admiral Policy, Plaintiff cannot recover for its alleged expenses in extending the condominium's elevator to access the roof of the premises because the expense does not arise from direct physical damage that resulted in enforcement of an ordinance or law triggering such expense; (6) granting partial summary judgment on the Ninth, Tenth, and Eleventh Affirmative Defenses of Defendant's Answer and declaring that Plaintiff has not sustained a covered Business Income loss within the terms of the Admiral Policy; and (7) any further relief deemed by this Court to be proper and just.

4. I further respectfully submit that the following attached documents are relevant to this action and admissible evidence.

5. I list the exhibits attached hereto in support of this instant motion which are true and accurate copies of the original documents:

6. Annexed as **Exhibit "A"** is a true and correct copy of Defendant's Amended Notice of Removal Pursuant to 28 USC § 1446, filed by Admiral as ECF Doc. No. 22, attaching as sub-exhibits "A," "B," and "C" Plaintiff 51 GREENE STREET CONDOMINIUM's Summons, Supplemental Summons, and Complaint, dated November 3, 2017, respectively.

7. Annexed as **Exhibit "B"** is a true and correct copy of Defendant Admiral's Answer and Affirmative Defenses to Plaintiff's Complaint, dated June 19, 2014, filed by Admiral as ECF Doc. No. 6.

8. Annexed as **Exhibit "C"** is a true and correct copy of an estimate drafted by WriteLoss, Inc., bearing a date of October 26, 2018, that was produced by Plaintiff's counsel in this litigation and authenticated by David Herring of WriteLoss during his deposition.

9. Annexed as **Exhibit "D"** is a true and correct copy of correspondence from State Farm and the Rental Condominium Unitowners Policy issued by State Farm to Unit #6 of 51 Greene Street, which was received by my office in response to our subpoena to State Farm.

10. Annexed as **Exhibit "E"** is a true and correct copy of correspondence from State Farm regarding amounts paid for damage to Unit 6 as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to State Farm.

11. Annexed as **Exhibit "F"** is a true and correct copy of correspondence and an attached prior estimate from State Farm regarding amounts paid for damage to Unit 6 as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to State Farm.

12. Annexed as **Exhibit "G"** is a true and correct copy of a New York Homeowners Policy issued by AIG to Unit #5 of 51 Greene Street, which was received by my office in response to our subpoena to AIG.

13. Annexed as **Exhibit "H"** is a true and correct copy of a Policy Change Notice issued by AIG to Unit #5 of 51 Greene Street, as authenticated by Dang Phan during his deposition, which was received by my office in response to our subpoena to AIG.

14. Annexed as **Exhibit "I"** is a true and correct copy of the signed and notarized transcript of the deposition testimony of Dang Phan, taken on October 11, 2018.

15. Annexed as **Exhibit "J"** is a true and correct copy of an estimate from J.S. Held for damage to Unit 5 as a result of the September 13, 2016 Fire in the amount of $374,556.09, as authenticated by Mr. Phan during his deposition, which was received by my office as part of Plaintiff's document production.

16. Annexed as **Exhibit "K"** is a true and correct copy of a High Value Homeowners Policy issued by PURE Insurance to Unit #4 of 51 Greene Street, which was received by my office as part of Plaintiff's document production.

17. Annexed as **Exhibit "L"** is a true and correct copy of the transcript of an Examination Under Oath of Adam Wolman of Unit #4 of 51 Greene Street, taken on June 20, 2017.

18. Annexed as **Exhibit "M"** is a true and correct copy of an estimate from Young Adjustment Company for damage to Unit 4 as a result of the September 13, 2016 Fire in the amount of $327,692.57, as authenticated by Mr. Wolman during his deposition, which was received by my office as part of Plaintiff's document production.

19. Annexed as **Exhibit "N"** is a true and correct copy of an estimate from Empire Precision Interiors Group, LLC, for damage to Unit 4 as a result of the September 13, 2016 Fire in the amount of $331,458.75, with additions in the amount of $47,875 and $8,625, which was received by my office in response to our subpoena to PURE Insurance.

20. Annexed as **Exhibit "O"** is a true and correct copy of a Condominium Unitowners Policy issued by State Farm to Sydney Hyman of Unit #3 of 51 Greene Street, which

was received by my office in response to our subpoena to State Farm and authenticated by Ms. Hyman at her deposition.

21. Annexed as **Exhibit "P"** is a true and correct copy of correspondence from State Farm to Sydney Hyman, dated September 16, 2016, which was received by my office in response to our subpoena to State Farm.

22. Annexed as **Exhibit "Q"** is a true and correct copy of correspondence from State Farm to Davidson Adjusters Inc. regarding Sydney Hyman's claim for the September 13, 2016 Fire Loss, dated November 23, 2016, which was received by my office in response to our subpoena to State Farm.

23. Annexed as **Exhibit "R"** is a true and correct copy of an estimate from Finer Fire Restoration for damage to Unit 3 as a result of the September 13, 2016 Fire in the amount of $235,656.51, which was received by my office in response to our subpoena to State Farm.

24. Annexed as **Exhibit "S"** is a true and correct copy of correspondence and an attached prior estimate from State Farm regarding amounts paid for damage to Unit 3 as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to State Farm.

25. Annexed as **Exhibit "T"** is a true and correct copy of a Sworn Statement in Proof of Loss signed by Ms. Hyman (who authenticated her signature during her deposition in this matter) regarding amounts paid by State Farm for damage to Unit 3 as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to State Farm.

26. Annexed as **Exhibit "U"** is a true and correct copy of a Homeowners Policy issued by Travelers to Jane Hope and Paul Lavoie of Unit #2 of 51 Greene Street, which was received by my office in response to our subpoena to Travelers.

27. Annexed as **Exhibit "V"** is a true and correct copy of Travelers Homeowners Policy Booklet, Form HA-6 (12-86), which was printed out by my office and publicly available at https://www.maine.gov/pfr/insurance/consumer/consumer_guides/homeowners_compare/travelers/HA6_1286.pdf.

28. Annexed as **Exhibit "W"** is a true and correct copy of correspondence from Travelers regarding a payment calculation for damage to Unit 2 as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to Travelers.

29. Annexed as **Exhibit "X"** is a true and correct copy of an estimate from Travelers for damage to Unit 2 as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to Travelers.

30. Annexed as **Exhibit "Y"** is a true and correct copy of a Sworn Statement in Proof of Loss signed by Ms. Hope (who authenticated her signature during her deposition in this matter) regarding amounts paid by Travelers for damage to Unit 2 as a result of the September 13, 2016 Fire.

31. Annexed as **Exhibit "Z"** is a true and correct copy of the signed and notarized transcript of the deposition testimony of Jane Hope, taken on May 9, 2018.

32. Annexed as **Exhibit "AA"** is a true and correct copy of a Commercial Insurance Policy issued by Travelers – The Phoenix Insurance Company to 134-36 Wooster Commercial LLC for various locations including 51 Greene Street, which was received by my office in response to our subpoena to Travelers – The Phoenix Insurance Company.

33. Annexed as **Exhibit "BB"** is a true and correct copy of correspondence from Travelers – The Phoenix Insurance Company regarding a payment calculation for damage to the

ground floor commercial space as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to Travelers – The Phoenix Insurance Company.

34. Annexed as **Exhibit "CC"** is a true and correct copy of an estimate from Travelers - The Phoenix Insurance Company for damage to the ground floor commercial space as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to Travelers – The Phoenix Insurance Company.

35. Annexed as **Exhibit "DD"** is a true and correct copy of a Property Large Loss Report from Travelers for damage to the ground floor commercial space as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to Travelers – The Phoenix Insurance Company.

36. Annexed as **Exhibit "EE"** is a true and correct copy of Sworn Statements in Proof of Loss executed by a representative of 134-136 Wooster Commercial LLC regarding amounts paid by Travelers – The Phoenix Insurance Company for damage to the ground floor commercial space as a result of the September 13, 2016 Fire, which was received by my office in response to our subpoena to Travelers – The Phoenix Insurance Company.

37. Annexed as **Exhibit "FF"** is a true and correct copy of email correspondence including an email from Plaintiff's public adjuster, Philip Davidson, dated September 25, 2016, which was received by my office as part of Plaintiff's document production.

38. Annexed as **Exhibit "GG"** is a true and correct copy of email correspondence including an email sent by Plaintiff's public adjuster, Philip Davidson, on or before November 4, 2016, which was received by my office as part of Plaintiff's document production.

39. Annexed as **Exhibit "HH"** is a true and correct copy of an email sent by Mr. Davidson to Mr. Siegel, dated January 25, 2017.

40. Annexed as **Exhibit "II"** is a true and correct copy of email correspondence including an email sent by Dang Phan to Friedman Public Adjusters, dated May 15, 2017, which was received by my office in response to our subpoena to AIG.

41. Annexed as **Exhibit "JJ"** is a true and correct copy of the signed and notarized transcript of Sydney Hyman's deposition, taken on October 16, 2018.

42. Annexed as **Exhibit "KK"** is a true and correct copy of the unpublished decision *Hyman v. State Farm Fire & Cas. Co.*, 2016 N.Y. Misc. LEXIS 5014, 2016 NY Slip Op 32700(U), (Sup. Ct.), Index. No. 651791/2015.

43. Annexed as **Exhibit "LL"** is a true and correct copy of an affidavit from counsel for Ms. Hyman, Matthew S. Aboulafia, dated February 22, 2016, available as NYSCEF Doc. No. 10 in the matter styled as *Sydney Hyman v. State Farm and Casualty Company*, Index. No. 651791/2015, in the Supreme Court of the State of New York, County of New York, and printed out by my office.

44. Annexed as **Exhibit "MM"** is a true and correct copy of Exhibit "B" from the affidavit from counsel for Ms. Hyman, Matthew S. Aboulafia, dated February 22, 2016, available as NYSCEF Doc. No. 13 in the matter styled as *Sydney Hyman v. State Farm and Casualty Company*, Index. No. 651791/2015, in the Supreme Court of the State of New York, County of New York, and printed out by my office.

45. Annexed as **Exhibit "NN"** is a true and correct copy of an affidavit from counsel for Ms. Hyman, Jack Glanzberg, dated April 21, 2017, available as NYSCEF Doc. No. 59 in the matter styled as *Sydney Hyman v. State Farm and Casualty Company*, Index. No. 651791/2015, in the Supreme Court of the State of New York, County of New York, and printed out by my office.

46. Annexed as **Exhibit "OO"** is a true and correct copy of Exhibit "C" from the affidavit from counsel for Ms. Hyman, Jack Glanzberg, dated April 21, 2017, available as NYSCEF Doc. No. 61 in the matter styled as *Sydney Hyman v. State Farm and Casualty Company*, Index. No. 651791/2015, in the Supreme Court of the State of New York, County of New York, and printed out by my office.

47. Annexed as **Exhibit "PP"** are true and correct copies of excerpted claim documents relating to a prior claim by Plaintiff to Merrimack Mutual Fire Insurance Company for loss occurring on or about May 25, 2013, which was received by my office in response to our subpoena to Andover Companies / Merrimack Mutual Fire Insurance Company.

48. Annexed as **Exhibit "QQ"** is a true and correct copy of a report from GEI Consultant ("GEI"), dated November 30, 2018, served on the undersigned counsel by Plaintiff's counsel by email on December 3, 2018.

49. Annexed as **Exhibit "RR"** is a true and correct copy of an email from Dang Phan to Craig Kaplan of AIG and others, dated May 25, 2018, which was received by my office in response to our subpoena to AIG.

50. Annexed as **Exhibit "SS"** is a true and correct copy of an email from Craig Kaplan of AIG to Dang Phan and others, dated July 9, 2018, which was received by my office in response to our subpoena to AIG.

WHEREFORE Defendant ADMIRAL INDEMNITY COMPANY requests that this Court grant its request for partial summary judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __February 25, 2019______.
Date

___/S/_________________________
Eric R. Leibowitz (EL - 5488)
*Attorneys for Defendant*
**ADMIRAL INDEMNITY COMPANY**
14 Wall Street, Suite 5C
New York, New York 10005
Phone: (646) 520-4200
Fax: (646) 349-2000
eleibowitz@fleischnerpotash.com
Our File No.: 179-20335L